UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

UNITED STATES OF AMERICA,      )
                                  )
           Plaintiff       )
                                  )        No. 09 CR 414-1
      vs.           )
                                  )        Judge Matthew F. Kennelly
FRED KING,               )
                                  )
           Defendant     )

## SENTENCING MEMORANDUM

The defendant, FRED KING, by and through his attorney,

GERALD J. COLLINS, respectfully requests this Court to fashion a sentence that is sufficient,

but not greater than necessary, to comply with the sentencing goals established by Congress in

18 U. S. C. Sec. 3553(a). The Court's sentence should reflect "the nature and circumstances of

the offense and the history and characteristics of the defendant". 18 U. S. C. Sec. 3553(1).

While the defendant accepts PreSentence Investigation Report's (PSR) calculation of the

guidelines, the defendant disagrees with the application of the Career Offender guidelines to

him.

*Background*

The defendant along with co-defendant, STEVE AUSTIN, was charged in a two-count

indictment with conspiring to commit bank robbery in violation of 18 U. S. C. Sec. 371 and 2,

and bank robbery on May 8, 2008, in violation of 18 U. S. C. Sec. 2113(a). On November 25,

2009, the defendant appeared before this Court and entered a "blind plea" of guilty to both

counts of the indictment.

*Offense Conduct*

On May 8, 2008, the defendant, STEVE AUSTIN, and a third individual drove from Chicago to the bank in Evanston. Before entering the bank, King wrote out a demand note. Austin and the third individual entered the bank and presented the note to a teller. King entered the bank and took a seat at a bank employee's desk. In response to the note, the teller placed $7, 238 into a bag. Then all three individuals fled from the bank and drove away. The three individuals divided the proceeds of the robbery of the bank among themselves.

On June 10, 2009, King was interviewed by agents of the FBI at Stateville Correctional Center. King related that he used to rob drug dealers. In April of 2008, one of his friends introduced him to STEVE KING and told KING that AUSTIN also robbed people. KING met AUSTIN and learned that AUSTIN robbed stores. In May of 2008, KING and AUSTIN made plans to rob a store in Evanston. While driving in Evanston, they noticed the bank. They entered the bank but froze and did not rob the bank. Two days later, they returned and robbed the bank.

*Legal Standard*

"In sentencing a defendant, the district court is obliged first to calculate the correct advisory guidelines range and then to decide whether to impose a sentence within the range or outside of it." *United States v. Miranda*, 505 F. 3d 785, 791 (7th Cir. 2007) While the Guidelines must be considered, the Guidelines are only "the starting point and the initial benchmark". *United States v. Gall*, 552 U. S. 38, 50 (2007). After calculating the advisory guideline range, the court must apply the statutory factors of 18 U. S. C. Sec. 3553(a) to determine the appropriate individualized sentence, be it inside or outside of the Guidelines." *Miranda,* 505 F. 3d at 791.

Briefly stated, Sec. 3553(a), directs a sentencing court to consider seven factors:

(1) offense and offender characteristics; (2) the need for a sentence to reflect the basic aims of sentencing, namely, (a) 'just punishment' (retribution), (b) deterrence; (c) incapacitation; (d) rehabilitation; (3) the sentences legally available; (4) the Sentencing Guidelines; (5) Sentencing Commission policy statements; (6) the need to avoid unwarranted disparities; and (7) the need for restitution.

*Rita v. United States,* 551 U. S. 338, 347-48 (2007) citing 18 U. S. C. Sec. 3553(a). Importantly, the provisions require all sentences imposed under Sec. 3553(a) to be "sufficient, but not greater than necessary, to comply with" the basic aims of sentencing delineated above. U. S. S. Sec. 3553(a); *Rita*, 551 U. S. at 348.

The Sec. 3553(a) factors "'are broad, vague, and open-ended,' leaving the sentencing judge with 'considerable discretion to individualize the sentence to the offense and offender as long as the judge's reasoning is consistent with Sec. 3553(a).'" *United States v. Jackson*, 547 F 3d 786, 792 (7th Cir. 2008) (quoting *United States v. Wachowiak*, 496 F. 3d 744, 748 (7th Cir 2007); *United States v. Gall*, 552 U. S. 38, 59 (2007) (stating that because the sentencing guidelines are no longer mandatory, the court's "range of choice dictated by the facts of the case is significantly broadened"). The court is thus free to determine that under the facts of "the particular case, a within-Guidelines sentence is 'greater than necessary' to serve the objectives of sentencing." *Kimbrough v. United States*, 552 U. S. 85, 91 (2007). In tailoring the sentence to the individual, a sentencing judge cannot assume that a sentence falling within the Guideline's range is reasonable *per se. Gall*, 552 U. S. at 50. Furthermore, the court is empowered to vary from the advisory Guidelines "based soley on policey considerations, including disagreements with the Guidelines" themselves. *Kimbrough*, 552 U. S. at 101. Thus the sentencing court must craft an individualized sentence after referencing the Guidelines and evaluating the requisite statutory

factors of Sec. 3553(a). The court must ultimately impose a sentence which is "sufficient, but not greater than necessary" to accomplish the sentencing goals of Sec. 3553(a).

*Guideline Calculations*

The base offense for bank robbery in violation of 18 U. S. C. Sec. 2113(a) is 20. There is a two-level upward adjustment for property that is taken from a financial institution, and there is another two-level upward adjustment because a threat of death was made. Therefore, the defendant is at an adjusted offense level of 24. The defendant receives a two-level downward adjustment for acceptance of responsibility and another one-level downward adjustment for timely notification of his intention to plea guilty. The total offense level is 21. The defendant is at Criminal History Category VI base on 18 criminal history points. (Six of those criminal history points are related to "spree" of criminal activity with co-defendant STEVE AUSTIN to be discussed later.) Therefore, the defendant is at an advisory sentencing guideline range of 77 to 96 months.

Additionally, the PSR has determined that the defendant as a Career Offender pursuant to USSG Sec. 4B1.1. The determination is based on the defendant's two prior felony convictions. The defendant has one prior felony conviction for armed robbery and one for burglary. The offenses of robbery and residential burglary are specifically listed in USSG Sec.4B1.2, n.1, which defines the tem "crime of violence" with regard to the application of USSG Sec. 4B1.1.

As a Career Offender, the defendant is placed at Offense Level 32 with Criminal History Category VI. With the reductions for acceptance of responsibility and timely notification of his intention to plea guilty, the defendant is at Level 29 with a advisory guideline sentencing range of 151 to 188 months.

4

As previously stated, the defendant accepts the PSR's calculation of the Guidelines; however, the defendant disagrees with the application of the Career Offender. The defendant believes that he should sentenced in accordance with the PSR's initial calculations without regard to the Career Offender guidelines.

## Career Offender Guidelines

For career offenders, Congress directed that the Sentencing Commission set sentences "at or near the maximum term: of imprisonment, Sec. 994(h). This directive, however, is aimed at the Sentencing Commission, not at sentencing courts. The court, therefore, "retains discretion to give career offenders a non-Guideline sentence based on the court's consideration of the factors enumerated in Sec. 3553(a). *United States v. Welton*, 583 F. 3d 494, 499 (7th Cir. 2009) (citing *United States v. Millbrook*, 553 F. 3d 1057, 1067 (7th Cir. 2009)

## 3553(a) Factors

### A. History and Characteristics of the Defendant

While most defendants have had a particularly difficult time growing up, FRED KING, has had more than his share of hardships. KING was born on February 20, 1977. His parents never married and never had any more children together. His parents were separated his entire life. As set forth in the PSR, KING and his brother were raised by his mother who owned a hair salon in Evanston, Illinois. KING related that his childhood was "okay" until his mother died in 1991. KING was fourteen years of age when his mother died. He was then raised by his paternal grandmother. His father was unable to raise him since the father was addicted to crack cocaine. His grandmother was not able to raise him because of his behavior. Probably, the defendant as young man was acting out his frustration and anger due to the death of his mother. Nonetheless,

he was placed in a psychiatric ward of Northwestern Hospital for approximately nine months. The defendant was supposed to take Ritalin, but as a teenager, he declined. Soon he was a member of the Black Stone street gang which he joined for support. Since then, the defendant has lived a "life on the streets". He has smoked marijuana every day of his life since age 21 and was a regular user of Ecstasy pills.

While the defendant may have remained a street "thug", his meeting with STEVE AUSTIN has unfortunately changed his life forever. As mentioned in his statement and in the statement of AUSTIN, they met in April of 2008. Then they commenced a series of robberies (five offenses) that have resulted in defendant KING receiving an 18 year sentence in state court. As reported in the PSR the defendant pleaded guilty to several felony offenses on April 7, 2009. KING and AUSTIN committed robberies on May 2, May 13, May 15, May 16, and May 17, 2008. As part of this "spree", on May 8th, they committed the robbery of the Evanston bank that is the subject of the case before this Court. The defendant is scheduled to be released from the Illinois Department of Corrections in November of 2016.

B. *Nature and Circumstances of the Offense and Need for the Sentence to Reflect the Seriousness of the Offense*

Here, FRED KING has pleaded guilty to the two-count indictment charging him with conspiracy and with bank robbery. He acknowledges his fault, regrets his decisions, and takes full responsibility for his actions. The defendant submits that any sentence within the non-career offender sentencing range will serve to sufficiently to punish him, remove him from society, and cause respect for the law.

C. *Kinds of Sentences Available and the Need to Most Effectively Provide the Defendant*

6

*with Necessary Services*

Since the defendant realizes that he will be incarcerated for a substantial period of time, defendant requests that this Court make a recommendation to the Bureau of Prisons that the defendant be placed in the bureau's long-term drug treatment program and asks this Court to make a further recommendation that the defendant be allowed to serve this sentence at Milan, Michigan facility so that the defendant take advantage of the trade schools offered at this location.

### D. Need for the Sentence Imposed

Any sentence imposed with the sentencing guideline range of 77 to 96 months will satisfy the Sec. 3553(a) factors of deterrence, promoting respect for the law as well as the need to avoid unnecessary disparities. In counsel's opinion, any sentence within this range is actually higher than the typical bank robbery-with-note, no weapon involved, robbery. However, this higher range can be accounted for by the defendant's background.

### Concurrent or Consecutive

While the PSR has not addressed the issue of any sentence being concurrent or consecutive with the defendant's state sentences, it is counsel's belief that the government will be seeking a consecutive sentence. The defendant strongly objects to this recommendation. While the actions of the defendant constituted several separate offenses, these offenses were bound together in a single crime spree. Each offense occurred within a short period of time, approximately two weeks. Each offense occurred with co-defendant, STEVE AUSTIN. Each offense was a robbery. Each offense was treated the same in state court. The defendant received concurrent sentences for each offense. Likewise, this Court should sentence the defendant to a

concurrent sentence. In fact, if this Court sentences the defendant to the high end of the non-Career Offender guideline range, his sentence would keep the defendant in custody beyond his date of release from the Illinois Bureau of Prisons.

If this Court should decide to sentence the defendant as a Career Offender, then the Court has even more reason to sentence the defendant concurrent with the state sentences. Even a sentence of 151 months, which is at the low end of the Career Offender guidelines, places the defendant in custody well beyond his date of release from the Illinois Bureau of Prisons.

*Conclusion*

Therefore, the defendant, FRED KING, moves this Court to sentence him as a non-Career Offender. However, if this Court does sentence him as a Career Offender, the defendant asks that he be sentenced at the low-end of the guideline range and that any sentence be made concurrent to the state sentences that he is presently serving. Further, the defendant asks this Court to order that the defendant first serve his federal sentence and then be remanded to state custody. The defendant asks that this Court make a recommendation that the defendant be placed in the Bureau of Prisons long-term drug treatment program and that this Court make a recommendation to the Bureau of Prisons that the defendant be designated to the Bureau of Prisons' facility at Milan, Michigan.

Respectfully submitted,

s/ Gerald J. Collins
GERALD J. COLLINS

GERALD J. COLLINS
Attorney at Law
100 West Monroe Street, Suite 1310
Chicago, IL 60603
(312) 641-1950